UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARSHALL F. HUNKAPILLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner, ) <br> Social Security Administration, ) <br> ) <br> ) <br> Defendant. ) | No. C-03-2240 SC <br><br> ORDER GRANTING <br> PLAINTIFF'S MOTION <br> FOR AWARD OF <br> <u>ATTORNEY'S FEES</u> |

**I.   INTRODUCTION**

Plaintiff Marshall F. Hunkapiller ("Plaintiff") filed his Notice of Motion and Motion for Award of Attorney's Fees on October 19, 2007.  Docket No. 31.  On February 12, 2008, the Court issued a briefing schedule, requiring Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), to submit his Opposition to the Motion, if any, no later than February 29, 2008.  <u>See</u> Docket No. 33.  Two months have passed since Defendant was to have filed his Opposition, yet he has not done so.  The Court therefore GRANTS Plaintiff's unopposed Motion.

**II.   BACKGROUND**

In January 1999, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging that he became disabled in August 1998.

1  Plaintiff retained Mr. Sackett to represent him.  Pursuant to
2  their contract, Mr. Sackett's compensation was contingent upon a
3  successful recovery of past-due benefits, and was limited to no
4  more than 25% of the amount recovered.

5  In the first review of Plaintiff's case, the Administrative
6  Law Judge ("ALJ") issued an unfavorable opinion, concluding that
7  Plaintiff was not disabled and could return to work.[1]  Plaintiff
8  sought review of this decision, and the Appeals Council vacated
9  the ruling and remanded for further proceedings before the ALJ.
10 In August 2002, the ALJ concluded on remand that Plaintiff was not
11 disabled and could resume his prior work as an insurance agent or
12 find other suitable employment.  In March 2003, the Appeals
13 Council denied Plaintiff's request to review the ALJ's second
14 ruling.  Plaintiff brought this action in May 2003, seeking
15 judicial review of the Commissioner's final ruling.

16 Plaintiff then moved for summary judgment in this matter.
17 Following Plaintiff's motion, the parties stipulated to remand.
18 The Court remanded the case to the ALJ for further review,
19 providing guidance on a number of issues.  On remand, the ALJ in
20 December 2004, issued a partially favorable decision, finding
21 Plaintiff disabled as of August 2001, but not as far back as
22 August 1998.  Plaintiff appealed this ruling and the Appeals
23 Council vacated and remanded.  Finally, in November 2006, the ALJ
24 issued a fully favorable ruling, concluding that Plaintiff was

---

[1] This summary of the proceedings below is taken largely from the November 20, 2006, and December 20, 2004 rulings of the Administrative Law Judges in this matter, attached as Exhibit A to Plaintiff's Motion.

2

1 disabled as of August 30, 1998, and was entitled to recover past-
2 due benefits from that date forward.

3 Following the partially favorable decision, the Social
4 Security Administration ("SSA") withheld $15,572.50 (25% of
5 $62,290) from Plaintiff's past due benefits to cover any possible
6 award of attorney's fees.  See Mot. Ex. B.  After the final, fully
7 favorable ruling, the SSA withheld an additional $12,376.50.  Id.
8 By the present Motion, Plaintiff seeks attorney's fees in the
9 amount of $16,494.00.  This amount would be offset by the
10 $7,654.42 in attorney's fees Plaintiff previously received
11 pursuant to the Equal Access to Justice Act ("EAJA").  See Docket
12 No. 30.

### III. DISCUSSION

Although Defendant did not oppose Plaintiff's Motion, the Court has reviewed the record.  Judicial review of the fee award serves as an independent check on the reasonableness of the fee arrangement.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Sections 406(a) and 406(b) of Title II of the Social Security Act govern fees for representation of disability claimants before the SSA and in federal court.  Section 406(b)(1)(A) provides, in part:

> Whenever a court renders a judgment favorable
> to a claimant under this title who was
> represented before the court by an attorney,
> the court may determine and allow as part of
> its judgment a reasonable fee for such
> representation, not in excess of 25 percent of
> the total of the past-due benefits to which
> the claimant is entitled by reason of such
> judgment. . . .

3

1  42 U.S.C. § 406(b)(1)(A).  The attorney's fees provided for in
2  this section are payable from funds withheld from Plaintiff's
3  past-due disability benefits by the SSA.  See, e.g., Hearn v.
4  Barnhart, 262 F. Supp. 2d 1033, 1035 (N.D. Cal. 2003).  "A court
5  may exercise its discretion to reduce an attorney's contractual
6  recovery based on the character of the representation and the
7  result achieved."  Id. (citing Gisbrecht, 535 U.S. at 808).

8  Having reviewed the record here, the Court finds that Mr.
9  Sackett's fee arrangement with Plaintiff was reasonable for the
10 work Mr. Sackett did over the course of the representation, and
11 therefore finds no reason to reduce the recovery.  First, Mr.
12 Sackett's requested fee of $16,494.00 represents roughly 14.75% of
13 Plaintiff's total recovery, $111,796.00, well below the statutory
14 maximum of 25%.  See Hearn, 262 F. Supp. 2d at 1036.  Second,
15 there was a substantial risk of loss in this case, as Plaintiff
16 suffered from a number of ailments which were difficult to
17 diagnose and prove, as demonstrated throughout the numerous
18 hearings and appeals before the SSA.  See id. at 1036-67.  Third,
19 an elevated hourly rate is appropriate in light of Mr. Sackett's
20 significant experience in Social Security litigation and in light
21 of the section 406(b) requirement that the fees be contingent in
22 nature.  See id. at 1037.

**IV.  CONCLUSION**

25 For the reasons described above, the Court finds the
26 requested fee reasonable and GRANTS Plaintiff's unopposed Motion
27 for an Award of Attorney's Fees.  Mr. Sackett shall collect

$16,494.00 from the funds withheld by the SSA and shall reimburse Plaintiff the $7,654.42 previously paid pursuant to the EAJA.

IT IS SO ORDERED.

Dated: April 29, 2008

_____
UNITED STATES DISTRICT JUDGE

5